IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:15-cv-163-WKW-PWG |
| | ) |
| WAL-MART STORES EAST LP, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

On March 24, 2015, this matter was referred to the undersigned by Chief U.S. District Judge William Keith Watkins for disposition or recommendation on all pretrial matters. (Doc. 3). *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

This case stems from an alleged slip-and-fall that Plaintiff Lisa Moore ("Plaintiff") claims occurred at the Wal-Mart store located in Troy, Alabama on September 13, 2012. The only defendant is Wal-Mart Stores East, LP ("Defendant"). Plaintiff asserts in her Amended Complaint a sole claim for negligence and wantonness, which arises under Alabama law (Count I). (Doc. 1-6).  There are no federal claims.

Defendant removed this case from the Circuit Court of Pike County, Alabama on diversity grounds on March 11, 2015. (Doc. 1). Before the court is Plaintiff's motion to remand, in which Plaintiff does not dispute the existence of diversity or the sufficiency of the amount in controversy, but argues that Defendant's removal was untimely filed. (Doc. 4). The motion is briefed and deemed under submission.

Upon consideration and for the reasons discussed herein, the Magistrate Judge **RECOMMENDS** that the motion to remand be **DENIED**.

I.   **BACKGROUND AND FACTS**[1]

Plaintiff initiated this suit by filing in the Circuit Court of Pike County, Alabama, the Complaint on August 25, 2014. (Doc. 1-4). Defendant answered on September 26, 2014 (Doc. 1-5) and served therewith its first set of interrogatories and requests for production. (Doc. 4-1). Plaintiff also filed her Amended Complaint on that same date. (Doc. 1-6). Plaintiff alleges in the Amended Complaint that she slipped and fell in a Troy, Alabama Wal-Mart Store on September 13, 2012. (Doc. 1-6 at ¶ 8).  She claims that she sustained injuries which resulted in pain and suffering, mental anguish, medical expenses, and other damages. (Doc. 1-6 at ¶ 12). She does not specify in her Amended Complaint the amount of damages she claims

---

[1] These are the facts for purposes of recommending a ruling on the pending motion to remand. They are gleaned from the motion to remand (Doc. 4) and exhibits thereto, as well as the brief in opposition to the motion to remand (Doc. 7) and exhibits thereto.

2

or otherwise make a demand. (Doc. 1-6). Defendant filed an answer to the Amended Complaint on October 6, 2014. (Doc. 1-7).

Plaintiff served her responses to Defendant's requests for production and interrogatories on December 17, 2014. (Docs. 4-2; 4-3). In response to Defendant's interrogatory number 13, Plaintiff listed the eight medical providers from whom she had received treatment or who had otherwise examined her with respect to the injuries she allegedly sustained as a result of the event described in the Complaint. (Doc. 4-2). In response to Defendant's multiple interrogatories regarding monetary damages, Plaintiff responded as follows, in pertinent part:

> 18. If at the time of the accident referred to in the Complaint, there was in existence or you were in any way covered by hospitalization or medical insurance, please state the name of the insurance carrier. Further, please state the amount paid by said insurance alleged to have been received pursuant to the accident referred to in the Complaint and whether said insurance carrier is subrogated to any part of your claim against this Defendant.
>
> *I have both Medicare and Blue Cross Blue Shield. To the best of my knowledge, Medicare has a current subrogation interest related to this claim. To the best of my knowledge, BCBS has a current subrogation interest related to this claim.*
>
> *Plaintiff will supplement this response with the subrogation interests of Medicare and BCBS.*
>
> [...]

> 20. Please provide an itemization of each expense necessarily incurred by you for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial.
>
> *[T]he information is unknown at this time. Plaintiff will supplement this response in accordance with the Judge's pretrial order and Rule 26 of the Alabama Rules of Civil Procedure.*
>
> 21. Please provide an itemization of each expense necessarily incurred by you other than for doctors' or medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial.
>
> *[T]he information is unknown at this time. Plaintiff will supplement this response in accordance with the Judge's pretrial order and Rule 26 of the Alabama Rules of Civil Procedure.*

(Doc. 4-2).

Defendant's requests for production asked for documents relating to medical expenses and damages. Request for production number three asked for copies of all "[m]edical bills and/or records, hospital bills and/or records, ambulance bills and/or records, drug bills and/or records, x-ray bills and/or records, and any and every other document which relate[s] in any way to damages resulting from the incident ...." (Doc. 4-1). Request for production number six asked for "all medical records of the

Plaintiff made or generated by any physician and/or healthcare provider within the last fifteen (15) years." (Doc. 4-1). Request for production number seven asked for "[a]ll documents which you contend support your allegations of the damages alleged in the Complaint." (Doc. 4-1). Plaintiff produced in response to these requests for production certain medical bills and records, including but not limited to those related to the alleged slip and fall. (Doc. 4-6)(Doc. 7-10).[2]

On December 22, 2014, Defendant sent a letter to Plaintiff requesting supplementation of discovery responses and asking that Plaintiff clarify the amount of medical and non-medical expenses that she is obligated to pay. (Doc. 7-7). On January 26, 2015, Defendant sent another letter requesting supplementation of Plaintiff's discovery responses. (Doc. 7-8). None was provided.

On March 5, 2015, Plaintiff was deposed. Plaintiff testified that she did not know if her damages were "greater than twenty-five thousand dollars" or "greater than seventy-five thousand dollars." When asked if she was claiming damages in the case greater than seventy-five thousand dollars, she replied, "I don't know." (Doc. 7-9 at pp. 3-5).

On the day following the deposition, Defendant sent Plaintiff a letter requesting

---

[2] An excerpt of the documents produced to Defendant was attached as an exhibit to Plaintiff's motion to remand. (Doc. 4-6). Defendant states in its opposition to Plaintiff's motion to remand that Plaintiff produced in total 935 pages of documents.

itemization of her medical expenses. (Doc. 7-10). On March 11, 2015, Plaintiff responded with a letter that contained specific itemization of her medical expenses, totaling $105,023.73. (Doc. 7-11). Defendant filed its notice of removal that same day. (Doc. 1).

## II.  LEGAL STANDARDS

### A.  Subject Matter Jurisdiction, Generally.

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012)(citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999)). "Accordingly, '[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power.'" *Id.* (citing *Univ. of S. Ala.*, 168 F.3d at 409) (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971)). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. Furthermore, "[b]ecause removal jurisdiction raises significant

federalism concerns, federal courts are directed to construe removal statutes strictly."

*Id.* (citing *Univ. of S. Ala.*, 168 F.3d at 411).

### B. The Defendant's Burden on Removal.

In the context of removal, the removing party has the burden of establishing subject matter jurisdiction. *See Griffith v. Wal-Mart Stores East, L.P*, 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012). The *Griffith* court explained the burden as follows:

> The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the removing defendant. See *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists."). "The court should determine its jurisdiction over the case 'based upon the plaintiff's pleadings at the time of removal.'" *Fowler v. Provident Life & Accident Ins. Co.*, 256 F.Supp.2d 1243, 1246 (N.D. Ala. 2003).
>
> "[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F.Supp. 1388, 1389 (M.D. Ala.1998) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Lowe's*, 995 F.Supp. at 1389 (emphasis added) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

*Griffith,* 884 F. Supp. 2d at 1221.

### III. DISCUSSION

Defendant premises its removal exclusively upon the court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case, $75,000." *Griffith* at 1222. (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy. A case does not become "removable" until both conditions are present.

### A. Diversity of Citizenship.

"Diversity jurisdiction requires complete diversity---every plaintiff must be diverse from every defendant." *Griffith* at 1222 (citing *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)). In its notice of removal, Defendant states that Plaintiff is a resident of Alabama and Defendant is a citizen of Arkansas and Delaware. (Doc. 1 at p. 2). Plaintiff does not dispute that complete diversity exists.

### B. Amount in Controversy.

#### i. The Removal Statute.

"The removal procedure statute, 28 U.S.C. § 1446, contemplates two ways that a case may be removed based on diversity jurisdiction. "The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional

grounds for removal are apparent on the face of the initial pleadings." *Griffith* at 1223. *See also* 28 U.S.C. § 1446(b)(1)(2012).[3] "The second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id. See also* 28 U.S.C. § 1446(b)(3)(2012). Discovery responses, for example, can constitute "other papers" from which diversity jurisdiction can be established. *See* 28 U.S.C. § 1446(c)(3)(2012)("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3))." Letters from counsel also constitute "other papers." *See Lee v. Lilly Trucking of Virginia, Inc.*, 2012 WL 960989, *2 (M.D. Ala. 2012).

Plaintiff does not specify in her complaint the amount of damages she seeks.

---

[3] The Court in *Griffith* explained the "first paragraph" and "second paragraph" distinction made throughout case law analyzing this statute. It explained: "The now defunct distinction between 'first paragraph' and 'second paragraph' removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing 'first paragraph' and 'second paragraph' removals is still applicable despite its outdated terminology. . . ." *Griffith* at fn. 1.

Defendant did not rely on the Amended Complaint to establish the requisite jurisdictional amount, but rather, based its removal on its receipt of "other paper"—the March 11, 2015 letter from Plaintiff's attorney that contained an itemization of Plaintiff's medical expenses, which were stated to be in excess of $75,000.00. Thus, under the previous statute, Defendant's removal would have been properly characterized as a "second paragraph" removal and case law analyzing the same is applicable to this case.

### ii. The "Unambiguously Establish" Standard.

There is confusion within the Eleventh Circuit regarding the standard applicable to "other paper" analysis. Defendant argues that the court should use the "unambiguously establish" standard articulated in *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007). Plaintiff argues that *Lowery*'s standard is no longer valid and that the court should employ a preponderance of the evidence standard in determining whether the "other paper" established that she seeks damages in excess of the jurisdictional minimum. Chief Judge Watkins explained *Lowery*'s requirements and the tension between these two burdens in *Allen v. Thomas*, 2011 WL 197964 (M.D. Ala. 2011). He stated as follows:

> This case was removed to federal court under the second paragraph of § 1446(b), based on Plaintiff's deposition testimony, which Safeco argues is the "other paper" by which it " 'first ... ascertained' "

10

that the case was removable. (Not. of Removal ¶ 1 (quoting § 1446(b)).) As explained in *Lowery*, under the second paragraph of § 1446(b), "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n. 63. All three conditions must be present before § 1446(b)'s thirty-day removal clock starts ticking.

Plaintiff does not dispute that Safeco has established two of these conditions, i.e., that Plaintiff's deposition testimony constitutes "other paper" and that Safeco received this other paper from Plaintiff. *See id.*; *see also id.* at 1213 n. 62 (noting that deposition testimony has been found to qualify as "other paper" under § 1446(b) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996))). Only Lowery's third condition for a proper § 1446(b) paragraph two removal is at issue here: Whether Safeco could have "first ascertain[ed]" from Plaintiff's deposition testimony that the damages in this case exceeded $75,000 so that the suit could be maintained in federal court. *Lowery*, 483 F.3d at 1213 n. 63. The issue is what is Safeco's burden for proving this third condition.

Safeco contends that Plaintiff's deposition testimony shows by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Resp. to Mot. to Remand 4.) Safeco does not address, however, the impact of *Lowery* on a removing defendant's burden when faced with a timely § 1447(c) challenge to the propriety of removal under the second paragraph of § 1446(b). Rather, as its sole support for application of the preponderance of the evidence standard, Safeco cites a pre-*Lowery* district court opinion that did not involve application of § 1446(b).4 (Resp. to Mot. to Remand 4 (citing *Alexander v. Captain D's, LLC*, 437 F. Supp .2d 1320 (M.D. Ala.2006)).)

Because Plaintiff's Motion to Remand was filed within thirty days of the Notice of Removal, see§ 1447(c), Plaintiff properly challenges "the propriety of the removal itself" under § 1446(b)'s second paragraph.

11

*Lowery*, 483 F.3d at 1213 n. 64. "[I]n assessing the propriety of removal" under the second paragraph of § 1446(b), "the court considers the document received by the defendant from the plaintiff ... and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. The "document"—in this case, Plaintiff's deposition testimony—"must contain an unambiguous statement that clearly establishes federal jurisdiction," in this case, the amount in controversy. *Id.* at 1213 n. 63 (citing *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002), and *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999))). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Id.* at 1211. If the evidence does not unambiguously establish the amount in controversy in this way, "neither the defendants nor the court may speculate in any attempt to make up for the notice's failings." *Id.* at 1214–15. Accordingly, a defendant must satisfy the "unambiguously establish" burden commanded by *Lowery*, where the plaintiff timely challenges the propriety of removal under the second paragraph of § 1447(c). *See* 483 F.3d at 1213 n. 64. That is the scenario in this case, and, thus, *Lowery* governs the present analysis.

To say that *Lowery's* "unambiguously establish" standard governs in this case, however, is not to say that *Lowery* has been warmly or readily embraced. To the contrary, it has been criticized and its holding constricted, most recently by the Eleventh Circuit in *Pretka*. *Pretka* rejected as dicta *Lowery*'s statements affecting removals made pursuant to the first paragraph of § 1446(b), like in *Pretka*, emphasizing that *Lowery* was a second-paragraph removal and "must be read in that context." *Pretka*, 608 F.3d at 747, 757–58, 760, 767; *see also Roe*, 613 F.3d at 1061 (following *Pretka* and noting that "[t]his opinion considers removal only under the first paragraph of § 1446(b); it does not address the effect of *Lowery*... on second-paragraph cases").

Moreover, to say that *Lowery's* "unambiguously establish" standard governs in this case should not be taken to mean that this court understands the logic of the standard. Even *Lowery* itself recognized that the "unambiguously establish" standard and the less rigorous

12

> preponderance of the evidence standard were at odds. See 483 F.3d at 1211. If a defendant can unambiguously establish the amount in controversy, "then the defendant could have satisfied a far higher burden than preponderance of the evidence." *Id. Lowery*, however, did not resolve the conflict; rather, it concluded that it was constrained by "precedent ... to continue forcing this square peg into a round hole." *Id.*; *see also SUA Ins. Co. v. Classic Home Builders, LLC*, No. 10–0388–WS–C, 2010 WL 4664968, at *4 (S.D. Ala. Nov. 17, 2010) (*Lowery's* " 'unambiguously establish' standard necessarily is more exacting than a preponderance of the evidence standard, and both of them cannot simultaneously apply.").
>
> *Lowery's* unambiguously establish standard has not been rejected in the context of a § 1446(b) second paragraph removal. Under *Pretka*'s rationale that *Lowery* is dicta as to a first-paragraph removal, any criticism in *Pretka* as to the soundness of *Lowery's* principles in § 1446(b) second-paragraph removals also must be regarded as dicta. As stated, this case involves a removal under the second paragraph of § 1446(b), and the propriety of the removal has been challenged in a timely-filed motion to remand under § 1447(c). Given this procedural posture, the court will apply *Lowery*. *See Jackson v. Litton Loan Servicing, LP*, No. 09cv1165, 2010 WL 3168117, at *4 (M.D. Ala. Aug. 10, 2010) ("Until the Eleventh Circuit changes the rule set forth in *Lowery*, this Court will continue to apply it when considering a notice of removal under the second paragraph of § 1446(b).").

*Allen* at **3-5.  Despite Plaintiff's protestations and the flux within the Eleventh Circuit[4] regarding how to reconcile it with the preponderance of evidence standard,

---

[4] Courts within the Eleventh Circuit have taken different approaches in an attempt to harmonize the "unambiguously establish" standard articulated in *Lowery* with the preponderance of evidence standard. *See, e.g.*, *Griffith*, 884 F. Supp. 2d at 1224 (explaining that both standards apply, such that the inquiry before the court is whether the defendant as "clearly and unambiguously established the jurisdictional amount by a preponderance of the evidence"); *Collins v. Marten Transport, Ltd.*, 2014 WL 972245, at *10 (N.D. Ala. Mar. 12, 2014) ("A removing defendant satisfies the "preponderance of evidence standard applicable in § 1446(b)(3) removals by unambiguously establishing the amount in controversy as mandated under *Lowery*

13

*Lowery* has yet to be overruled or otherwise abrogated, and its "unambiguous establish" standard applies to the case at bar. *See, e.g., Advantage Medical Electronics, LLC v. Mid-Continent Gas Co.*, 2014 WL 1764483, *4 (S.D. Ala. May 5, 2014)("Two major decisions by the Eleventh Circuit, *Roe* and *Pretka*, followed *Lowery* and lightened the burden as amount in controversy for cases removed under § 1446(b)(1), however, "[t]his Court agrees with the weight of authority in this circuit following *Roe* and *Pretka*, that the analysis set forth in *Lowery* still applies to [§ 1446(b)(3) ] cases.")(alteration in original); *Brown v. Tanner Med. Ctr.*, 2010 WL 3328500, *3 (M.D. Ala. Aug. 23, 2010)("As this is a second-paragraph Type 1 case, the case is still governed by the analysis outlined in *Lowery* [.]").

   iii.   **Analysis**

Plaintiff does not contest that the amount in controversy requirement is satisfied and does not dispute that the March 11, 2015 letter constituted an "other

---

[.]"); *Exum*, 821 F. Supp. 2d at 1291-1292 ("The question in whether these burdens are capable of co-existence and ultimately, which one to apply.  In short, this court believes that [the] preponderance of the evidence burden applies to the court's substantive jurisdictional inquiry and that *Lowery's* unambiguously establish burden replaces [the preponderance of the evidence burden] when a plaintiff challenges the procedural propriety of a removal under the second paragraph of § 1446(b) by timely moving to remand under § 1447(c)); *Advantage Medical Electronics, LLC v. Mid-Continent Gas Co.,* 2014 WL 1764483 (S.D. Ala. May 5, 2014)(agreeing with the analysis in the *Exum* decision); *Musgrove v. Kellogg Brown & Root, LLC*, 2013 WL 1827583 (S.D. Ala. 2013)("This Court has questioned the *Lowery* Cour[t]. . . More recently, Congress has expressly imposed a "preponderance of the evidence" standard for determining the amount in controversy.[...] This standard applies to second paragraph removals. [...] As the plaintiff has not requested the Court to apply *Lowery's* higher standard, the Court utilizes the familiar preponderance standard.).

paper," or that it provided unambiguous evidence that she seeks damages in excess of the jurisdictional minimum. Plaintiff, however, argues that her discovery responses, received by Defendant prior to the March 11, 2015 itemization letter, constituted an earlier "other paper" demonstrating that the jurisdictional minimum was satisfied. Thus, the salient question to be resolved in this case is not whether the March 11, 2015 letter unequivocally established that the amount in controversy was met, but whether Plaintiff's discovery responses unambiguously established the jurisdictional amount such that Defendant's thirty-day time frame for proper removal was triggered upon receipt of the same. *See Exum*, 821 F. Supp. 2d at 1293, n. 5. ("[I]f the document received by the defendant from the plaintiff does not unambiguously establish that the case is or has become removable, the thirty day window to file the notice of removal is never triggered . . . .").

Plaintiff's arguments are not persuasive. Plaintiff stated in her responses to Defendant's specific interrogatories requesting the amount of both medical and non-medical expenses that "such information was unknown at this time." While Plaintiff produced voluminous documents in response to Defendant's requests for production, she did not—in response to Defendant's interrogatory asking for the same—disclose the amount that she actually paid or owed. She likewise did not, also in response to Defendant's pointed interrogatory, provide the amount of Blue Cross Blue Shield's

or Medicare's respective subrogation interests. It is, indeed, perplexing to understand how Defendant could have known from these discovery responses and documents that she seeks in excess of $75,000.00.

While Plaintiff seems to take the position that Defendant could have analyzed all the medical bills she produced and come to the conclusion that the jurisdictional minimum is met, this argument is not persuasive. First of all, Plaintiff produced, albeit in response to Defendant's request for the same, medical records and bills unrelated to the alleged slip and fall and resulting injuries. Given this fact and Plaintiff's interrogatory responses, the task of extrapolating from Plaintiff's production the amount of damages she seeks would necessarily have involved conjecture;[5] therefore, it cannot be said that the medical records "unambiguously established" that the amount in controversy requirement is met. *See Lowery* at 1215.

Plaintiff's discovery responses, together with the produced medical billing record, do not unambiguously establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. Therefore, the clock for the Defendant to remove the case did not start ticking at that time. Defendant has demonstrated—and Plaintiff

---

[5] For example, Defendant would have to engage in guesswork as to which treatments and visits related to the alleged slip and fall and whether plaintiff paid or owed certain bills produced relating to the same. Defendant would also have to guess as to the subrogation interests of Plaintiffs' insurers. It is axiomatic that medical bills alone are not *per se* evidence of a cost personally incurred by a plaintiff, especially when insurance is involved.

has not contested—that the March 11, 2015 letter constituted an "other paper" that, for the first time, unambiguously established that the amount in controversy requirement was met; therefore, Defendant has met its burden of demonstrating that the removal to this court was proper. The motion to remand is due to be denied.

## IV. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that the Defendant's motion to remand (Doc. 4) be **DENIED**.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **September 24, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*,

677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    **DONE** and **ORDERED** this **10th** day of September, 2015.

                                           /s/ Paul W. Greene
                                           United States Magistrate Judge